ANTHONY RABITO

        VS.                    **7628**    7628.

V. MACALUSO

        I feel constrained to dissent from the decision in
this case.

        The lease sued on was for three years. It contained
the following clause:

        "It is understood and agreed that failure of lessee
        to notify lessor or his agents (in writing) within
        30 days of expiration of this lease shall be construed
        as a renewal of same under such terms and conditions
        as now enjoyed".

        My opinion is that this clause means that in the ab-
sence of written notice on the part of the lessee to the lessor,
the lease would be renewed for another three years from its ex-
piration upon the same terms. Similar clauses are common in
many leases; and they mean what they say or they mean nothing.
The defendant understood that the clause had that meaning. In
his petition in this case the plaintiff makes the following al-
legation:

        "4o   That it is stipulated in said lease that should
        the lessee fail to notify the lessor or his agent in
        writing, within thirty days of the expiration of the
        lease, said failure should be construed as a renewal
        of said lease on the same terms and conditions".
        Defendant's answer is as follows:
        "Fourth. Defendant admits the facts contained in the
        Fourth allegation of plaintiff's petition".

        Nor did counsel for the defendant deny that such was
the meaning of the clause.

        The whole defense in this case was pitched upon the
compliance by defendant with the requirements of notice speci-
fied in the lease. Defendant, in his answer, admitted every
allegation of the petition, except that of indebtedness and
want of notice. Upon the last subject he says:

"Further answering defendant avers that he verbally notified plaintiff of his intention not to renew the lease at its expiration, months before it expired, and then conplied with the terms of written lease, by giving plaintiff written notice, within the time, and in the mode and manner provided in the lease of his intention not to renew same".

If I am correct in saying that the clause under discussion operated as a renewal of the lease in the absence of a written notice, then the burden of proof was upon defendant to establish the fact of notice. This he has failed to establish to my satisfaction. He says he left a letter to that effect upon a desk at defendant's store, in the presence of a young boy, and in the absence of the plaintiff. He puts two witnesses upon the stand, his employees, to corroborate his testimony. They say they did not enter the store but that defendant left the letter with a man in the store. Plaintiff denied that he ever received such a letter. As that fact was brought out only on the trial of the case, plaintiff asked to be allowed to produce his son who is employed in the store. The Court refused him that, opportunity. Plaintiff's counsel testifies that defendant had told him that he had sent no notice. Defendant has not overcome this denial of plaintiff nor contradicted the testimony of his attorney. Long before this suit was filed, plaintiff asked defendant when and how he had notified plaintiff of his intention not to renew the lease. Defendant refused any information. Upon a matter involving a responsioility of $1440, depending upon the giving of a notice, defendant would have taken greater care to protect himself than he says he has exercbsed in this matter, and would have the evidence of notice certain, as it was his duty to do.

Defendant's alleged notice is type-written, there is another type-written letter signed by defendant. He says he wrote both. The body of both letters is in perfect English; yet defendant's testimony is in broken English, and his signature to the two letters is in the uncertain handwriting of one who knows only how to sign.

But if I am not correct upon the point of notice, I think plaintiff is entitled to some damages for injury to the property.

For these reasons I dissent.

# 7628

Court of Appeal----Parish of Orleans.

By Dinkelspiel- J.

*Claiborne J. dissents. and files written reasons*

This is a suit on a renewal of lease of premises No. 530 Ursulines, between Chartres and Decatur Streets, originally made to Antonio Laserva, for thirty-six months, at $40. per month, which began on the 1st. March, 1915 and ended on the last day of February, 1918.

The renewal clause reads:- "It is understood and agreed agreed, that failure of lessee to notify lessor or his Agents in writing within thirty days of the expiration of this lease, shall be construed as renewal of same under such terms and conditions as now enjoyed."

In the supplemental petition there was a claim for $142. for repairs, which was said to have been absolutely necessary.in order to make the place habitable.

The answer sets up, that there were verbal and written notices, both given within the 30 days before the expiration of the lease and therefore plaintiff had no claim, and, further, that the repairs made to this house were absolutely un necessary and for which he is not bound and he left the premises in equally as good order as he found them.

Reading the testimony, and without going into details, which we think absolutely unnecessary as it would produce no benefit, we are satisfied, that written notice was given as required by the terms of the lease, and that prior to this notice plaintiff had notice, verbal notice, of defendants defendants intention to remove from the premises at the expiration of the lease.

That in company with several witnesses defendant went to plaintiff's place of business, and there failing to see plaintiff, left a written notice with an attendant, a boy, at the establishment of plaintiff on plaintiff's desk, the attendant saying that plaintiff was not in the place.

Whether that be a fact or not is perfectly immaterial;

66

that notice as required was given is shown by the defendant's testimony and that of his witnesses who accompanied him at the time the notice was left.

Subsequently, several months, plaintiff claimed that he had received neither notices in writing which had been mailed nor the one that was left at his place of business, in fact no notices at all.

The questions of fact were determined by the Judge of the lower Court adversely to plaintiff's claim.

The law, at all applicable to this case will be found in 30 Ann. p.255-257, Murrell -vs- Lyon. the Syllabus, reading:

> "The intention of the parties to a contract of lease arising out of uncertainty of the contract will be construed in favor of the lessee. It is the business of the lessor to have the agreement expressed in clear and certain terms." Also, see 24 Cyc. Note 3- p. 1008-1009.

In many cases decided by the Supreme Court of this State, one being that of Roberts -vs - Cooper et.al. 131 La. p.811.

This Court in numerous cases, citing only a few of them, August Brank -vs- August Mapen- 15th. Court of Appeal,473;-

> "When questions of fact only are involved, the judgment of the lower Court will be affirmed unless it is manifestly erroneous."

And in 10th. Court of Appeal, at pages 800 and 801, the same doctrine was announced.

The Judge of the lower Court having seen and heard the witnesses was in a better position to determine the value of their testimony given before him. His Judgement was that plaintiff had failed to make out his case and we agreed in his opinion.

                    *Judgment Affirmed*